# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 08-C-939

ONE 2001 MERCEDES BENZ ML 320,
VEHICLE IDENTIFICATION NUMBER
4JGAB54E81A288102,

    Defendant.

## ORDER[1]

    The United States brought this action seeking forfeiture of the vehicle of Dianne Maginnis, who was subject to criminal proceedings arising out of drug dealing charges brought against her. She is now serving a jail sentence on state charges to which she pled no contest. The government alleges that the defendant vehicle is subject to forfeiture in this civil forfeiture action under 21 U.S.C. § 881(a)(4), which provides for the forfeiture of all vehicles used to transport controlled substances.

    The facts are straightforward. When Maginnis was pulled over in the Village of Howard on May 3, 2008, the officer found 28.8 grams of marijuana in the car (roughly one ounce), along with $400 in cash. Samantha Restzlaff, a friend of Maginnis, stated by affidavit that she frequently babysat Maginnis' children when she did errands during the six months prior to her arrest. Retzlaff stated that about twice a week, Maginnis' errands included delivery of marijuana. Although

---

[1] Amended at page 2, lines 1 and 3 replacing the word "me" with "Retzlaff".

Retzlaff did not see the marijuana, she knew that Maginnis was making marijuana deliveries because Maginnis told Retzlaff she was doing so. Maginnis told Retzlaff that she was going to make "runs", which Retzlaff knew to mean she was going to deliver marijuana to her customers. According to Retzlaff, on at least 10 occasions when Maginnis told Retzlaff that she was going to be delivering marijuana, she left the house while driving the tan Mercedes SUV she owned which is the subject of this action. (Retzlaff Aff., ¶¶ 7-8.) The friend further testified that Maginnis called her from jail and asked her to sell two ounces of marijuana that remained in her house and to remove a short-barreled shotgun from the premises.

The government has the burden of proof, and to obtain a forfeiture it must prove that "there was a substantial connection between the property and the offense," 18 U.S.C. § 983(c)(3). It asserts that the above facts establish that connection. Maginnis was caught with a deliverable quantity of marijuana (i.e., a higher quantity than is normally found for merely personal use) on May 3, and that alone establishes the connection between the vehicle and her drug dealing activity. Maginnis, however, has filed an affidavit in which she asserts that she was not using the SUV to traffic drugs on May 3. Instead, she was returning from a Burger King to her friend's house to pick up her son. (Maginnis Aff., ¶ 6.)[2] The marijuana was found in her coat pocket, she states, and the cash was part of a gift she had recently received from her mother. She further explains that drug dealing was not the primary purpose of the car; instead, she used it for typical family business and more mundane transportation needs.

The government argues that these self-serving and conclusory assertions cannot create a genuine issue of material fact. It also argues strenuously that Maginnis' affidavit should be stricken because during the discovery phase she refused to answer questions on Fifth Amendment grounds.

---

[2]The affidavit is appended to her brief rather than a separate filed document.

She cannot plead the Fifth in response to discovery questions, the government asserts, and then later file an affidavit asserting there was no connection between the drugs found in her car and any trafficking activity. Her affidavit is, in effect, new evidence that should have been provided during discovery.

The government is correct. An affidavit should be stricken on a motion for summary judgment if the witness invokes the Fifth Amendment to shield himself from questioning during pre-trial discovery. *In re Edmond*, 934 F.2d 1304, 1308 (4th Cir.1991) (affirming lower court which struck affidavit submitted in support of summary judgment motion after assertion of Fifth Amendment); *In re Parcels of Land*, 903 F.2d 36, 43 (1st Cir.1990) (striking of forfeiture claimant's affidavit submitted in opposition to a summary judgment motion proper where claimant later invoked Fifth Amendment privilege when the government took his deposition). If Maginnis wanted to avoid waiving her Fifth Amendment rights, she should have moved to stay the forfeiture action until after the state court proceedings were concluded. Having failed to do so and having shielded herself from questioning during pretrial discovery, she should not be allowed to offer her own selective and self-serving version of the events in an effort to create a factual dispute after the government has incurred the expense of moving for summary judgment.

Even were I to consider her affidavit, however, the result would be the same. Ultimately, the uncontested facts are simple. Maginnis was a dealer of marijuana. She owned and drove a car in the normal course of her daily life. She was found with a significant quantity of marijuana and cash in her car. These facts are enough to establish the requisite "substantial connection" between the vehicle and the criminal activity alleged. Even taking her affidavit at face value, the fact that drug dealing may not have been the primary purpose of the vehicle is not surprising given the relatively small amounts Maginnis dealt in. The forfeiture statute does not invite an accounting of

how many soccer games or fast food restaurants or other legitimate activities the car was used for; it merely requires that the government show a substantial connection between the charged activity and the vehicle. Moreover, it is uncontested that she used the vehicle to transport an amount of marijuana beyond what any individual would use in a discrete time frame. None of Maginnis' statements call into question that connection, and no reasonable jury could find that the government had failed to establish such a connection. Simply put, when one is convicted for drug dealing after being caught in her car with a deliverable quantity of drugs and cash, she should not expect to receive the aid of a jury in determining whether there was a substantial connection between the crime and the car. The government is entitled to summary judgment.

Maginnis also seeks relief from the forfeiture on hardship grounds. *See* 18 U.S.C. § 983(f). But, as the government notes, Maginnis is currently incarcerated and thus cannot be expected to endure any additional hardship resulting from the inability to drive her Mercedes. Moreover, the hardship section applies to release requests *pending* the final outcome of forfeiture proceedings, a point we have now reached. For the reasons given above, the Plaintiff's motion for summary judgment is **GRANTED**. Its motion for an extension of time is **GRANTED**; and its motion to strike is **GRANTED** as well. All right, title and interest of Diane C. Maginnis to the defendant property is ordered forfeited pursuant to Title 21, United States Code, Section 881(a)(4). The Clerk shall enter judgment accordingly.

**SO ORDERED** this __16th__ day of October, 2009, nunc pro tunc October 14, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge